IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Chavius Barber, ) | C/A No. 0:13-2775-DCN-PJG |
| Petitioner, ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| Kenny Atkinson, ) | |
| Respondent. ) | |

The petitioner, Chavius Barber ("Barber"), a self-represented federal prisoner housed in the District of South Carolina, brought this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on Barber's federal petition for a writ of habeas corpus. (ECF No. 17.) The respondent filed a return and memorandum (ECF No. 17) and Barber filed a reply (ECF No. 19). Having carefully considered the parties' submissions and the applicable law, the court concludes that this petition should be construed as a petition for a writ of coram nobis and that this matter should be transferred to United States District Court for the Western District of North Carolina.

## BACKGROUND

On September 13, 2004, Barber was charged with possession of cocaine in the Superior Court of Mecklenburg County, North Carolina and received a sentence of between five and six months in prison. On October 24, 2005, a federal grand jury in the Western District of North Carolina charged Barber with possession of a firearm as a convicted felon, relying on Barber's previous cocaine sentence. On February 16, 2006, Barber entered a plea of guilty to the felon-in-

possession offense and was sentenced to one year and one day in prison. Barber served his sentence and was released. On March 27, 2007, Barber was charged with conspiracy to possess with intent to distribute powder and crack cocaine, marijuana and ecstasy, in violation of 21 U.S.C. §§ 841(a)(1) and 846; and with four counts of distribution of crack cocaine and aiding and abetting the same, in violation of 21 U.S.C. § 841 (a)(1) and 18 U.S.C. § 2. On January 5, 2009, the Western District of North Carolina sentenced Barber to 240 months in prison, followed by 10 years of supervised release. Barber appealed the district court's judgment and on July 6, 2010, the United States Court of Appeals for the Fourth Circuit affirmed the judgment. Barber has now filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that the conduct he was convicted of in 2004 is no longer a felony and asking for relief from his 2005 felon-in-possession conviction based on the Fourth Circuit's decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011).

## DISCUSSION

**A.     Standard of Review**

This court is required to liberally construe *pro se* petitions. Erickson v. Pardus, 551 U.S. 89 (2007). *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56, (2007)).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal



district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.    Barber's Petition**

As stated above, Barber filed this petition pursuant to § 2241. The primary means under which a federal prisoner may collaterally attack the legality of his conviction or sentence is under 28 U.S.C. § 2255. See United States v. Poole, 531 F.3d 263, 270 (4th Cir. 2008). Section 2255 does contain a savings clause which permits a district court to consider a § 2241 petition challenging the validity of a prisoner's detention when a § 2255 petition is "inadequate or ineffective" to test the legality of a detention. Rice v. Rivera, 617 F.3d 802 (4th Cir. 2010). But the Fourth Circuit has held:

> It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. A contrary rule would effectively nullify the gatekeeping provisions. Nevertheless, there must exist some circumstance in which resort to § 2241 would be permissible; otherwise, the savings clause itself would be meaningless.

In re Jones, 226 F.3d 328, 333 (4th Cir. 2000) (citations omitted). In the Fourth Circuit, the savings clause may be invoked when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of



which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Id. at 333-34.

The parties appear to agree that Barber is entitled to relief under § 2241 when applying the Jones test to Barber's case. However, although Barber is currently housed in this district, he was convicted and sentenced in the Western District of North Carolina. Other courts facing this scenario have construed such a petition as seeking a writ of error coram nobis under 28 U.S.C. § 1651 and have transferred the case to the sentencing district court. See Hayden v. Rivera, C/A No. 4:08-867-HFF-TER (D.S.C. Nov. 5, 2008) (Floyd, J.) (Order, ECF No. 23) (construing a petitioner's § 2241 petition as a one seeking coram nobis relief pursuant to 28 U.S.C. § 1651 and transferring it to the Middle District of North Carolina where the petitioner was unable to file a § 2241 in the Middle District of North Carolina but could have filed a petition of writ of error coram nobis in that district); Neal v. Francis, No. 1:06CV69, 2008 WL 2704520 (N.D. W. Va. July 3, 2008) (construing petitioner's motion for habeas corpus under § 2241 as a writ of error coram nobis under 28 U.S.C. § 1651 and transferring the case to the Middle District of North Carolina because that court could better determine the merits of the writ).

PJG

## RECOMMENDATION

Based on the foregoing, the court recommends that the instant Petition be construed as a petition for a writ of coram nobis and that this matter and any pending motions (ECF No. 16) be transferred to the United States District Court for the Western District of North Carolina.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

March 28, 2014
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).